## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TODAY MEDIA, INC. | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No.: _____ |
| | : |
| CBR MEDIA LLC | : JURY OF 12 DEMANDED |
| Defendant. | : |

### VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1.     This is a civil action for trademark infringement, false designation of origin, unfair competition, and trademark dilution arising under the Federal Trademark Act of 1946, as amended, 15. U.S.C. §1051, et seq., and the common law of Delaware.

### Parties

2.     Plaintiff Today Media, Inc. ("Today Media") is a Delaware corporation with its principal place of business at 3301 Lancaster Pike – Suite 5-C, Wilmington, Delaware.

3.     Upon information and belief, CBR Media LLC ("CBR") is a Pennsylvania limited liability company with its principal place of business at 143 Bala Avenue, Bala Cynwyd, Pennsylvania. CBR may be served, *inter alia*, pursuant to 10 *Del. C.* § 3104 and upon its registered agent for service of process.

### Jurisdiction and Venue

4.     This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because Plaintiff is incorporated and has its principal place of business in Delaware and Defendant is a limited liability company of and has its principal place of business in Pennsylvania. The matter in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00).

545247 / 2 16/07

5.      This Court has jurisdiction of the subject matter and the parties under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331, 1332(a) and (c), 1338 and 1367, because this case arises under the Federal Trademark Act, as amended, 15 U.S.C. §§ 1061, *et seq.*

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(d) because Defendant regularly conducts business in this district.

## COUNT I (UNFAIR COMPETITION)

7.      Today Media realleges and incorporates by reference the allegations in paragraphs 1 through 6 herein as if full set forth.

8.      Today Media is in the business of publishing magazines in the mid-Atlantic region and throughout the country on the Internet. Among its publications are Main Line Today, Valley Forge Visitor's Guide, Delaware Today, Delaware Lawyer and Delaware Bride.

9.      MAIN LINE TODAY is a glossy lifestyle magazine that features articles and information on fashion, dining, home décor, travel and tourism, area events, and related subjects.

10.     The MAIN LINE TODAY trademark was registered with the United States Patent and Trademark Office ("USPTO") by Today Media's predecessor-in-interest. The registration was based on continuous use of the mark in interstate commerce since March 1996. The registration was inadvertently canceled on April 17, 2004, for failure to make a required filing with the USPTO.

11.     MAIN LINE TODAY has been in continuous use in interstate commerce in connection with magazines since March 1996. On October 23, 2006, Today Media filed a new application to register MAIN LINE TODAY, U.S. Ser. No. 77027227, for general feature magazines.

12.    Today Media has expended substantial sums in promoting the MAIN LINE TODAY mark in connection with general feature magazines, including but not limited to significant expenditures devoted to research and reporting, advertising, marketing, sponsoring community-related and charitable events, and maintaining an Internet web site.

13.    As a result of the extensive and substantial promotion, advertising and sales of its MAIN LINE TODAY magazine, and the maintenance of the highest quality standards relating thereto, MAIN LINE TODAY has become exceedingly well known to the public as a distinctive indication of origin of services, and accordingly is a famous mark lawfully entitled to a broad ambit of protection against infringing uses.

14.    On or about November 9, 2006, Today Media learned that a competitor intended to publish a glossy lifestyle magazine under the name MAINLINE.  Today Media learned from one of its vendors that another MAINLINE magazine was soliciting advertisements for a new publication. Today Media immediately sent a cease and desist letter via facsimile and United States first class mail to Mainline Media Holdings LLC, the entity that was soliciting advertisements for MAINLINE. A copy of the letter is attached hereto and made a part hereof as Exhibit A. Although both forms of service were received, Mainline Media Holdings failed to respond to the letter.

15.    On or about November 30, 2006, Today Media received mail from a vendor addressed to MAINLINE.  Today Media immediately sent a second cease and desist letter alerting Mainline Media Holdings LLC to the actual confusion resulting from its use of MAINLINE.  Today Media also stated concern over the similar style of layout, font and color being used by Mainline Media Holdings LLC for its MAINLINE. A copy of that letter is attached hereto and made a part hereof as Exhibit B.

16.    On December 6, 2006, counsel for Today Media received a letter from counsel for Defendant CBR Media LLC identifying it as the publisher of MAINLINE. Therein, Defendant requested additional information and suggested that a resolution might be achieved.

17.    Since that time, Today Media has repeatedly contacted CBR Media, both through counsel and through the principals, in an attempt to resolve this matter, but has been unsuccessful in its efforts. On December 22, 2006, Today Media provided via email the additional information requested by Defendant. Defendant responded via email that it would call on December 27 to schedule a meeting between the parties and counsel. Defendant sent a letter on December 28 against suggesting that the parties should meet in an effort to resolve the problem. Today Media responded on January 4, 2007, with proposed dates for a meeting. Ultimately, the principal of Today Media contacted the principal of CBR Media by telephone on one occasion but has been unable to get a response to his subsequent calls.

18.    In mid-December, CBR Media published its premier bi-monthly magazine both on the Internet and in print under the name MAINLINE. The print version of the magazine is distributed throughout southeast Pennsylvania and Delaware. Almost immediately, Today Media received calls from consumers asking if it had redesigned its masthead, indicating widespread actual consumer confusion.

19.    CBR Media has intentionally and deliberately used and continues to use a trademark that is virtually identical to MAIN LINE TODAY for the purpose of exploiting and trading upon Today Media's substantial goodwill and reputation and to enable CBR Media to confuse and mislead customers into believing that its magazine emanates from Today Media.

-4-

20.    As of February 15, 2007, CBR Media has posted its second issue of MAINLINE on its Internet website. Upon information and belief, the print version of this issue has not yet been distributed.

21.    The use of MAINLINE by CBR Media in connection with providing magazines has caused actual confusion among consumers who believe, contrary to fact, that this magazine is provided by or emanates from, or is otherwise sponsored or approved by, Today Media. Defendant's use of MAINLINE constitutes unfair competition and false designation of origin within the meaning of § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and at common law.

22.    Unless enjoined by this Court from using MAINLINE, Defendant will continue to unfairly compete with Today Media, thereby deceiving the public and causing Today Media immediate and irreparable injury for which it has no adequate remedy at law and damages.

### COUNT II (TRADEMARK DILUTION)

23.    Today Media alleges and incorporates by reference the allegations set forth in paragraphs 1 through 22 herein as if fully set forth.

24.    MAIN LINE TODAY is a famous mark within the meaning of § 43(c)(1) of the Federal Trademark Act, 15 U.S.C. § 1125, as amended, and had become famous prior to the first use of MAINLINE by Defendant.

25.    Defendant's use of MAINLINE dilutes the distinctive quality of MAIN LINE TODAY within the meaning of § 43(c) of the Federal Trademark Act, 15 U.S.C. § 1125(c).

26.    Unless enjoined by this Court, Defendant will continue said acts of trademark dilution, thereby causing Today Media immediate and irreparable damage for which it has no adequate remedy at law.

## COUNT III (COMMON LAW INFRINGEMENT)

27.      Today Media alleges and incorporates by reference the allegations set forth in paragraphs 1 through 27 as if fully set forth.

28.      The use of MAINLINE by CBR Media in connection with magazines has caused and is likely to continue to cause actual confusion among consumers who believe, contrary to fact, that said magazines are provided by or emanate from, or are otherwise sponsored or approved by, Today Media. Defendant's use of MAINLINE constitutes unfair competition and fraud in connection with the sale or advertisement of services, in violation of common law.

WHEREFORE, Today Media respectfully prays that:

(1)      The Court enter judgment that:

(a)      Defendant has competed unfairly with Today Media under § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and at common law;

(b)      Defendant has diluted the distinctive quality of the MAIN LINE TODAY mark within the meaning of § 43(c) of the Federal Trademark Act, 15 U.S.C. § 1125(c), as amended;

(c)      Defendant is using the MAINLINE name so as to misrepresent the source or sponsorship of its goods within the meaning of § 43 of the Federal Trademark Act, 15 U.S.C. § 1064(3), and in violation of Delaware law;

(d)      Defendant is using the MAINLINE name in a manner which has caused and is likely to continue to cause confusion within the meaning of § 2(d) of the Federal Trademark Act, 15 U.S.C. § 1052(d); and

(e)      Defendant has otherwise injured Today Media's good will and business reputation by using the MAINLINE name in the manner complained of herein;

(2)    The Court enter an Order that Defendant and all others in privity or acting in concert with it, be preliminarily and permanently enjoined from:

(a)    Using MAINLINE, or any other trademark, service mark, trade name, domain name or designation confusingly similar thereto, in connection with magazines;

(b)    Otherwise infringing or diluting the distinctive quality of the MAIN LINE TODAY mark; and

(c)    Competing unfairly with Today Media or otherwise injuring Today Media's business reputation in the manner complained of herein;

(3)    Pursuant to § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, Defendant be directed to deliver up for destruction or other disposition by Today Media all magazines, advertisements, brochures, displays, labels, prints, decals, and all other materials in the possession, custody or control of Defendant which bear or are labeled with the name MAINLINE;

(4)    Defendant be required to pay to Today Media damages in the amount of all revenues received by Defendant in connection with magazines or advertising for magazines sold under the name MAINLINE;

(5)    Defendant be required to pay to Today Media both the costs of this action and, in accordance with § 35(b) of the Federal Trademark Act, 15 U.S.C. § 1117(b), its reasonable attorneys' fees; and

(6)     Such other and further relief as this Court deems equitable and proper.

**SAUL EWING LLP**

Michael F. Bonkowski (No. 2219)
Kimberly M. Large (No. 4422)
222 Delaware Avenue, Suite 1200
Wilmington, DE 19899-1266
(302) 421-6863 (phone)
(302) 421-5869 (fax)
mbonkowski@saul.com
klarge@saul.com

Attorney for Plaintiff, Today Media, Inc.

Of Counsel:

Sherry H. Flax
SAUL EWING LLP
500 E. Pratt St. Suite 900
Baltimore, MD 21202
(410) 332-8784

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| . (a)    PLAINTIFFS | DEFENDENTS |
|---|---|
| TODAY MEDIA, INC. | CBR MEDIA LLC |

| | |
|---|---|
| b)    County of Residence of First Listed Plaintiff :   New Castle, Delaware<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant:   Montgomery, Pennsylvania<br>(IN U.S. PLAINTIFF CASES ONLY)<br><br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE LAND INVOLVED. |
| Attorneys (Firm Name, Address, and Telephone Number): Michael F. Bonkowski, Esquire, Kimberly M. Large, Esquire, Saul Ewing LLP, 222 Delaware Avenue, Suite 1200. Wilmington, DE  19899-1266 – (302-421-6800) | Attorneys (If Known) |

## I. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment<br> & Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted<br> Student Loans<br>153 Recovery of Overpayment<br> of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br> Liability<br>☐ 320 Assault, Libel &<br> Slander<br>☐ 330 Federal Employers'<br> Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br> Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br> Product Liability<br>☐ 360 Other Personal<br> Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury -<br> Med. Malpractice<br>☐ 365 Personal Injury -<br> Product Liability<br>☐ 368 Asbestos Personal<br> Injury Product<br> Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br> Property Damage<br>☐ 385 Property Damages<br> Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure<br> of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational<br> Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards<br> Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting<br> & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc.<br> Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br> 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☒ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br> or Defendant)<br>☐ 871 IRS – Third Party<br> 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br> Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities.<br> Exchange<br>☐ 875 Customer Challenge<br> 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information<br> Act<br>☐ 900 Appeal of Fee Determination<br> Under Equal Access<br> to Justice<br>☐ 950 Constitutionality of<br> State Statutes |
| **REAL PROPERTY**<br>210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing<br> Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w Disabilities -<br> Employment<br>☐ 446 Amer. w Disabilities -<br> Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate<br> Sentence<br>**Habeas Corpus**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## . ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2  ☐ 3 Removed from State Court  ☐ 4 Remanded from Appellate Court  ☐ 5 Reinstated or Reopened  ☐ 6 Transferred from Another District (Specify)  Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| .I. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)<br>Sect. 39 of Federal Trademark Act, 15 U.S.C. 1121, 28 U.S.C. 1332, among others<br>Brief description of cause:<br>Trademark Infringement, Unfair Competition, etc. |
|---|---|

| .II. REQUESTED IN<br>COMPLAINT | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:  ☒ Yes  ☐ No |
|---|---|---|---|

| .III. RELATED CASE(S)<br>IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE:
Feb. 16, 2007

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

| CEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ____ 0 7 – 8 7 _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A
## UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF ____/____ COPIES OF AO FORM 85.

_2-16-07_

(Date forms issued)

_michael D.C/_

(Signature of Party or their Representative)

_Michael DiEleuterio_

(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action



Sherry H. Flax

Phone: (410) 332-8784

Fax: (410) 332-8785

sflax@saul.com

www.saul.com

**Celebrating 85 years of service.**

November 9, 2006

***Via Facsimile (215-862-9524) and U.S. Mail***
Mainline Media Holdings LLC
30 Bridge Street
New Hope, PA 18938

Re:    Trademark Infringement:  **MAIN LINE TODAY**

Dear Sir/Madam:

This office represents Today Media, Inc., a Delaware corporation engaged in the business of publishing online and print magazines.  One of Today Media's publications is MAIN LINE TODAY, a general feature magazine that is distributed both online and in print format. The content of MAIN LINE TODAY focuses on Philadelphia and its western suburbs. Today Media has filed an application to register its MAIN LINE TODAY trademark with the United States Patent and Trademark Office, U.S. Ser. No. 3079476, based on continuous use of the mark in interstate commerce since at least as early as March 1, 1996.  Today Media has expended significant resources to establish and maintain its exclusive right to use the MAIN LINE TODAY trademark in connection with magazines.

We have recently learned that you intend to publish a lifestyle magazine under the name MAINLINE.  We are concerned that your use of the term MAINLINE is highly likely to cause consumer confusion, mistake, or deception as to the source of your publication.  Because MAIN LINE TODAY has been in use for more than ten (10) years, the general public associates it with Today Media.

Under these circumstances, we request that you distinguish your name so as to avoid the likelihood of confusion that is certain to result from your use of MAINLINE for magazines. Because you have not yet published your magazine, you will not lose any good will associated with your efforts and we will pre-empt any infringing activity.

November 9, 2006
Page 2


       Please advise us by no later than Friday, November 17, 2006, of your intention to comply with this request.

       We appreciate your cooperation in this matter.

                 Very truly yours,


                 Sherry H. Flax

cc:  Today Media, Inc.

906167.1



**SAUL EWING**
Attorneys at Law
A Delaware LLP

**Celebrating 85 years of service.**

Sherry H. Flax

Phone:  (410) 332-8784

Fax:  (410) 332-8785

sflax@saul.com

www.saul.com

November 30, 2006

***Via Facsimile (215-862-9524) and U.S. Mail***
Mainline Media Holdings LLC
30 Bridge Street
New Hope, PA 18938

Re:    Trademark Infringement:  **MAIN LINE TODAY**

Dear Sir/Madam:

You have not provided us with a response to our letter of November 8, 2006, concerning your use of MAINLINE MAGAZINE to identify a general feature magazine.  As explained in that letter, Today Media, Inc., has used the trademark MAIN LINE TODAY for its general feature magazine continuously since at least as early as March 1, 1996, and has filed an application with the United States Patent and Trademark Office to register its mark.

We have recently learned that in addition to infringing on my client's MAIN LINE TODAY trademark, you are using a similar layout and colors for your publication.  Today Media has experienced actual vendor confusion and has received mail intended for Mainline Magazine.  These instances of confusion anticipate the consumer confusion that is certain to result ffrom your use of MAINLINE MAGAZINE.

We would appreciate the courtesy of a response to our request that you sufficiently distinguish the name of your publication so as to avoid the likelihood of confusion that has occurred and will continue to occur as a result of your use of MAINLINE for magazines.

Please respond to us by no later than Friday, December 8, 2006.  We look forward to your cooperation in this matter.

Very truly yours,

Sherry H. Flax

cc:  Today Media, Inc.

Lockwood Place ♦ 500 East Pratt Street ♦ Baltimore, MD 21202-3171
Phone: (410) 332-8600 ♦ Fax: (410) 332-8862

BALTIMORE    CHESTERBROOK    HARRISBURG    NEWARK    PHILADELPHIA    PRINCETON    WASHINGTON    WILMINGTON
A DELAWARE LIMITED LIABILITY PARTNERSHIP