IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TODAY MEDIA, INC.<br>   Plaintiff, | :<br>:<br>: |
| v. | :  Civil Action No.: _____ |
| CBR MEDIA LLC<br>   Defendant. | :<br>:  JURY OF 12 DEMANDED<br>: |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
## TODAY MEDIA, INC.'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiff Today Media, Inc. ("Today Media") respectfully submits this memorandum of law in support of its motion for a temporary restraining order and preliminary injunctive relief.

## II.  STATEMENT OF FACTS

In the interest of efficiency, Today Media respectfully refers the Court to the verified Complaint, a copy of which is attached hereto, for a statement of facts supporting its motion for a temporary restraining order and preliminary injunctive relief. Today Media alleges that CBR's use of the name MAINLINE in connection with its lifestyle magazine constitutes unfair competition and dilution of Today Media's MAIN LINE TODAY trademark, causing irreparable harm to Today Media. Unless enjoined, CBR will continue its improper conduct, causing further immediate irreparable harm to Today Media.

## III.  ARGUMENT

A four-part balancing test is used when reviewing applications for temporary restraining orders and preliminary injunctive relief.[1] To qualify for a temporary restraining order, the

---

[1] Temporary restraining orders may be issued *ex parte* without an adversary hearing and are of limited duration, whereas preliminary injunctions may be issued only after the opposing party receives notice and after some form of hearing, and last until to the completion of the trial on the merits. See Fed. R. Civ. P. 65.

545262 1 2 16 07

movant must demonstrate that "immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b).

Under well-established Third Circuit standards, "[i]n considering a motion for preliminary injunctive relief, a court must carefully weigh four factors: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of such relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting preliminary relief will be in the public interest." SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254-55 (3d Cir. 1985) (citing Klitzman, Klitzman and Gallagher v. Krut, 744 F.2d 955, 958-59 (3d Cir.1984); Continental Group v. Amoco Chemicals Corp., 614 F.2d 351, 356-57 (3d Cir.1980)). The requirements for a temporary restraining order are the same as those for a preliminary injunction. Bieros v. Nicola, 857 F. Supp. 445, 446-47 (E.D.Pa.1994). "Generally speaking, courts apply the standards for granting a preliminary injunction in determining the propriety of issuing a temporary restraining order." Tootsie Roll Industries, Inc. v. Sathers, Inc., 666 F. Supp. 655, 658 (D.Del.1987). Those standards require the moving party to demonstrate the reasonable probability of its eventual success on the merits of the litigation, and that it will be irreparably injured pendente lite if relief is not granted. Chez Sez III Corp. v. Township of Union, 945 F.2d 628, 634 (3d Cir.1991) (citations omitted), cert. denied, 503 U.S. 907 (1992). In addition, a district court should also consider the possibility of harm to other interested persons from the grant or denial of the requested injunctive relief, as well as the public interest. Id. (citations omitted).[2]

---

[2] "[W]here factors of irreparable harm, interests of third parties and public considerations strongly favor the moving party, an injunction might be appropriate 'even though plaintiffs did not

Specifically, an applicant for a temporary restraining order must demonstrate: (1) a likelihood of success on the merits; (2) the probability of irreparable harm if the relief is not granted; (3) that granting injunctive relief will not result in greater harm to the other party; and (4) that granting relief will be in the public interest. Frank's GMC Truck Center, Inc. v. G.M.C., 847 F.2d 100, 102 (3d Cir.1988). A plaintiff must prove a "clear showing of immediate irreparable injury," not just a "risk of irreparable harm." Ecri v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987) (citation omitted). The requisite feared injury or harm must be irreparable and "of a peculiar nature, so that compensation in money cannot atone for it." Id. (citation omitted).

In this case, Today Media is entitled to its requested relief because (1) Today Media has established a likelihood of success on the merits; (2) the harm Today Media will suffer if injunctive relief is not granted far outweighs the harm CBR Media will suffer if injunctive relief is granted; and (3) the public interest favors the issuance of the injunction.

### A. Today Media is likely to succeed on the merits of its claim.

For all of the reasons set forth in its Complaint, Today Media will prevail on its claims for unfair competition and dilution. To establish unfair competition under Section 43(a) of the Lanham Act, a plaintiff must show both that: (1) it has a valid protectable trademark, trade name, or service mark, and (2) the defendant's use of a colorable imitation of the trademark is likely to cause confusion. 15 U.S.C. §§ 1114, 1125(a); see A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 213-214 (3d Cir. 2000); Interpace Corp. v. Lapp, Inc., 721 F.2d 460 (3d Cir. 1983); Fisons Horticulture, Inc. v. Vigoro Industries, Inc., 30 F.3d 466, 472 (3d

---

demonstrate as strong a likelihood of ultimate success as would generally be required.'" In Re Arthur Treacher's Franchisee Litigation, 689 F.2d 1137, 1147 (3d Cir.1982) (quoting Constructors Associations of Western Pennsylvania v. Kreps, 573 F.2d 811, 815 (3d Cir.1978) (emphasis omitted)).

Cir.1994); see also, Petro Stopping Ctrs. v. James River Petroleum, Inc.,130 F.3d 88, 93 (4th Cir.1997); Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 930 (4th Cir.1995). Upon requisite proof, a Court of competent jurisdiction may issue an injunction prohibiting use of a confusing trade mark or trade name.

"'The law of trademark protects trademark owners in the exclusive use of their marks when use by another would be likely to cause confusion.'" Commerce Nat'l Ins. Servs. v. Commerce Ins. Agency, Inc., 214 F.3d 432, 437 (3d Cir.2000) (quoting Lapp, 721 F.2d at 462). Trademark infringement claims under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and federal unfair competition claims under § 43(a)of the Lanham Act, 15 U.S.C. § 1125(a), like those asserted here, are considered using the same standard. See Advance Magazine Publrs. v. Vogue Int'l, 123 F.Supp.2d 790, 795 (D.N.J.2000) (citing Victoria's Secret, 237 F.3d at 201-11). A claim of trademark infringement or unfair competition is established when the plaintiff proves that: (1) it owns the mark; (2) its mark is valid and legally protectable; and (3) the defendant's use of the mark to identify its goods or services is likely to create confusion concerning the origin of those goods or services. Commerce, 214 F.3d at 437; see Opticians Ass'n of Am. v. Independent Opticians of Am., 920 F.2d 187, 192 (3d Cir. 1990).

Existence of a registered mark is *prima facie* evidence of the validity of the registered mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark. Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), provides:

> A certificate of registration of a mark upon the principal register provided by this Act shall be a prima facie evidence of the validity of the registration, registrant's ownership of the mark, and of registrant's exclusive right to use the mark in commerce in connection with the goods or services specified in the certificate, subject to any conditions and limitation stated therein.

See also Novartis Consumer Health, Inc. v. McNeil-PPC, Inc., 53 U.S.P.Q.2d (BNA) 1406, 1409, 1999 WL 707721 (D.N.J.1999); Emergency One v. American Fire Eagle Engine Co., 332 F.3d 264, 268 (4th Cir.2003).

Today Media was the registrant of the MAIN LINE TODAY, U.S. Reg. No. 2080176, for nearly eight (8) years, until it canceled for inadvertent failure to file a Statement of Continued Use. Today Media has filed a new application to register MAIN LINE TODAY, U.S. Ser. No. 77027227, based on first use in interstate commerce of March 1, 1996. MAIN LINE TODAY has been in continuous use in interstate commerce in connection with a print lifestyle magazine distributed to the general public in southeast Pennsylvania, Delaware and New Jersey, as well as nationally on the Internet. There has never been a challenge to Today Media's trademark rights in MAIN LINE TODAY. Because Today Media has been using the mark in interstate commerce for more than ten (10) years, MAIN LINE TODAY has acquired secondary meaning in the minds of its consumers and has become a famous mark.

Likelihood of confusion is said to exist "'when the consumers viewing the defendant's mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark.'" Commerce Nat'l, 214 F.3d at 438-39 (citing Ford Motor, 930 F.2d at 292 (quoting Scott Paper Co., 589 F.2d. at 1229)).[3] Likelihood of confusion is determined by applying those factors set forth in Lapp, 721

---

[3] The Third Circuit has consistently analyzed certain factors to consider in determining whether there is a likelihood of confusion between marks, which include, but are not limited to:

(1) the degree of similarity between the owner's mark and the alleged infringing mark;
(2) the strength of the owner's mark;
(3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase;
(4) the length of time the defendant has used the mark without evidence of actual confusion arising;
(5) the intent of the defendant in adopting the mark;

F.2d at 463; see also A & H Sportswear, 237 F.3d at 211; In re E.I. DuPont DeNemours & Co., 476 F.2d 1357, 1361, 177 U.S.P.Q. (BNA) 563, 567 (C.C.P.A. 1973). The factors to be considered are the similarity of the marks, the goods for which they are used, and the channels of trade.

Defendant's MAINLINE mark is nearly identical in sound and commercial impression to MAIN LINE TODAY. Because the marks are used for identical goods and are distributed in the same geographic area, the same consumers will come into contact with the marks. Where, as here, "when goods are directly competing, both precedent and common sense counsel that the similarity of the marks takes on great prominence." A & H Sportswear, 237 F.3d at 215 (footnote omitted).

There can be no factual dispute that Defendant is using MAINLINE for its lifestyle magazine and that it is sold to the same consumers in the same geographic area. Today Media presents compelling evidence that consumers and vendors are actually confused as to the source of the products. Accordingly, Today Media is highly likely to prevail on the merits of its claims of unfair competition and dilution.

### B.  The balance of hardships tips decidedly in favor of Today Media.

If an injunction is not granted, Today Media will suffer immediate irreparable harm in the form of damage to its business reputation, loss of goodwill, and loss of market share. Defendant

---

(6)   the evidence of actual confusion;
(7)   whether the goods, though not competing, are marketed through the same channels of trade and advertised through the same media;
(8)   the extent to which the targets of the parties' sales efforts are the same;
(9)   the relationship of the goods in the minds of consumers because of the similarity of function;
(10)  other facts suggesting that the consuming public might expect the prior owner to manufacture a product in the defendant's market, or that he is likely to expand into that market.

A & H Sportswear, 237 F.3d at 211 (citing Lapp, 721 F.2d at 463); see also, Scott Paper Co., 589 F.2d at 1229.

is confusing Today Media's customers by using the MAINLINE trademark. Consumers and vendors seeking to purchase MAIN LINE TODAY are confused as to the source of MAINLINE. This actual confusion has caused and will continue to cause damage to Today Media's reputation, good will, and the loss of a significant competitive advantage in selling its magazines. Money damages alone can never fully compensate a loss to reputation and competitive advantage, nor can they protect Today Media from the continuation of Defendant's wrongful use of the MAINLINE mark.

In contrast, Defendant will not sustain any harm whatsoever if an injunction is granted. Today Media merely asks that Defendant stop using the MAINLINE name to identify its magazine. Defendant cannot possibly claim any right to the MAINLINE mark for use in connection with magazines. Such a restriction upon Defendant would not prevent it from publishing magazines, and would only require that it do so using legitimate methods that do not rely upon its unlawful use of Today Media's MAINLINE mark. Moreover, changing Defendant's trademark would merely prevent Defendant LendingTree from wrongfully benefiting from the consumer confusion and deception resulting from its use of the MAINLINE mark for the same goods. In this case, the balance of hardships tips decidedly in favor of Today Media.

### C. The public interest favors the issuance of the injunction.

In a Lanham Act case, the Court should consider the consumer's right not to be confused or deceived as to the origin or source of goods. See Calvin Klein Cosmetics Corp. v. Lenox Lab, Inc., 815 F.2d 500 (8th Cir. 1987). The issuance of injunctive relief in this matter will promote the public interest because consumers have a right not to be confused as to the source of the services they are obtaining.

## IV.   **CONCLUSION**

For the reasons stated above, Today Media respectfully requests that the Court issue a temporary restraining order of the type requested in its accompanying motion.

**SAUL EWING LLP**

_/s/ Kimberly Large_
Michael F. Bonkowski (No. 2219)
Kimberly M. Large (No. 4422)
222 Delaware Avenue, Suite 1200
Wilmington, DE 19899-1266
(302) 421-6863 (phone)
(302) 421-5869 (fax)
mbonkowski@saul.com
klarge@saul.com

Attorney for Plaintiff, Today Media, Inc.

Of Counsel:

Sherry H. Flax
SAUL EWING LLP
500 E. Pratt St. Suite 900
Baltimore, MD 21202
(410) 332-8784

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| TODAY MEDIA, INC. | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: 07-87 |
| v. | : | |
| | : | |
| CBR MEDIA LLC | : | JURY OF 12 DEMANDED |
| Defendant. | : | |

## CERTIFICATION

The undersigned counsel hereby certifies that she has made a reasonable effort to reach agreement with opposing counsel on the matters set forth in this Verified Complaint and Motion for Temporary Restraining Order as required by Local District Court Rule 7.1.1.



FILED
MAR - 7 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Respectfully submitted,

/s/ Sherry H. Flax
Sherry H. Flax
SAUL EWING LLP
500 E. Pratt St. Suite 900
Baltimore, MD 21202
(410) 332-8784

and

Michael F. Bonkowski (No. 2219)
Kimberly M. Large (No. 4422)
222 Delaware Avenue, Suite 1200
Wilmington, DE 19899-1266
(302) 421-6863 (phone)
(302) 421-5869 (fax)
mbonkowski@saul.com
klarge@saul.com

Attorneys for Plaintiff, Today Media, Inc.